UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

LEE ENTERPRISES, INCORPORATED,

    Plaintiff,

v.

CWA LOCAL 14620
aka ST. LOUIS MAILERS UNION NO. 3,
EDWARD GORDON and JOHN WIESEN,
individually and as representatives of a class,

    Defendants.

## COMPLAINT

1.    Plaintiff Lee Enterprises, Incorporated ("Lee") brings this class action against CWA Local 14620 aka St. Louis Mailers Union No. 3 ("Mailers Union"), Edward Gordon ("Gordon") and John Wiesen ("Wiesen") (collectively "Defendants" or "Class"), individually and as a representative of a class of former employees who were covered by the collective bargaining agreement between the St. Louis Post Dispatch, LLC ("Post-Dispatch") and the Mailers Union dated August 10, 2004 through January 14, 2011 ("CBA") and who retired during the term of that CBA ("Retirees"), under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§2201-2202 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* As the parent company to Post-Dispatch, Lee seeks declaratory relief and to enforce the terms of the CBA and employee benefits plans through which Lee provides or provided, and Post-Dispatch's former parent corporation Pulitzer, Inc. provided, Retirees with retiree medical benefits ("Employee Benefits Plans"). Specifically, Lee files this class action for declarations that: (1) the changes made on June 1, 2011, to Retirees' medical benefits did not violate ERISA, the CBA or Employee Benefits Plans; (2) the Retirees' medical benefits may be eliminated when

they are eligible for Medicare without violating ERISA, the CBA or Employee Benefits Plans; (3) the retiree medical benefits offered to Retirees are not vested; and (4) the Retirees' medical benefits may be otherwise modified or terminated without violating ERISA, the CBA or Employee Benefits Plans.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as a civil action arising under the laws of the United States, including 28 U.S.C. Sections 2201-2002, 29 U.S.C. Sections 1001 *et seq.*, and 29 U.S.C. Section 1132.

3.  Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and 29 U.S.C. Section 1132.

## PARTIES, COLLECTIVE BARGAINING AGREEMENT, AND EMPLOYEE BENEFIT PLANS

4.  Lee is a Delaware corporation. It is the parent corporation of Post-Dispatch, which publishes *The St. Louis Post-Dispatch*. Lee's primary place of business is 201 North Harrison Street, Davenport, Iowa.

5.  Defendant Mailers Union is a labor organization. The Mailers Union's primary place of business is 5232 Miami Street, St. Louis, Missouri.

6.  The Mailers Union represents certain current employees of the Post-Dispatch.

7.  The Mailers Union represented the Retirees when the Retirees were employees of the Post-Dispatch. The Mailers Union claims to represent Retirees with regard to the Grievance and Lawsuit described in paragraphs 33, 35 and 37, *infra*.

8.  Post-Dispatch and the Mailers Union were parties to the CBA, which governed the terms and conditions of the employees described in the "preamble" to the CBA and represented by the Mailers Union.

9. Among other things, Article XIV of the CBA describes, in part, the retiree medical benefits given to the Retirees for the term of the CBA.

10. As of May 31, 2011 Retirees were eligible for the following plans: "Lee Enterprises Retiree Mid Deductible Plan," "Lee Enterprises Retiree High Deductible Plan," "Advantra/Gold Advantage Employee Benefit Plan" ("Current Plans").

11. Lee is the "administrator" and "fiduciary" of the Current Plans as those terms are defined in ERISA, 29 U.S.C. §§ 1002(16)(A), 1002(21), and 1102(a).

12. The vast majority of Retirees live within boundaries of this District.

13. Defendant Edward Gordon is a former employee of the Post-Dispatch who was formerly represented by the Mailers Union and was covered by the CBA at the time of his retirement.

14. Defendant Gordon retired from the Post-Dispatch on July 1, 2009, while the CBA was still effective.

15. Defendant Gordon currently receives retiree medical benefits under the Lee Enterprises Retiree Mid Deductible Plan.

16. Defendant Gordon resides within the boundaries of this District.

17. Defendant John Wiesen is a former employee of the Post-Dispatch who was formerly represented by the Mailers Union and was covered by the CBA at the time of his retirement.

18. Defendant Wiesen retired from the Post-Dispatch on March 1, 2010, while the CBA was still effective.

19. Defendant Wiesen currently receives retiree medical benefits under the Lee Enterprises Retiree Mid Deductible Plan.

20. Defendant Wiesen resides within the boundaries of this District.

## CHANGES TO RETIREE MEDICAL BENEFITS

21. Article XIV of the CBA contain provisions on retiree medical benefits.

22. The Employee Benefits Plans likewise contained or contain, respectively, provisions on retiree medical benefits.

23. The retiree medical benefits were and are subject to modification and termination.

24. The CBA and Employee Benefits Plans did not restrict charging Retirees the full cost of retiree medical benefits following the expiration of the CBA.

25. The CBA expired on January 14, 2011.

26. On March 18, 2011, Lee informed the Retirees that, effective June 1, 2011, it would make changes to retiree medical benefits under the CBA and Current Plans. Specifically, Lee informed Retirees that they would be charged the full cost of the retiree medical benefits and that they would not receive retiree medical benefits if they were eligible for Medicare.

27. On June 1, 2011, Retirees, including Defendants Gordon and Wiesen, were required to pay the full cost of retiree medical benefits under the Current Plans if they desired retiree medical benefits.

28. On June 1, 2011, Medicare-eligible Retirees, including several Class members, could no longer receive coverage under the Current Plans.

29. Retirees could be charged the full cost of retiree medical benefits because the retiree medical benefits never vested.

30. Other changes, including elimination of coverage for Medicare-eligible Retirees, could be made because the retiree medical benefits never vested.

## MAILERS UNION'S GRIEVANCE AND COMPLAINT IN THIS DISTRICT
## (CASE NO. 4:11-CV-01692)

31. Following the announcement of the changes to retiree medical benefits effective June 1, 2011, the Mailers Union filed a grievance on March 28, 2011, disputing the right to make the announced changes.

32. On March 30, 2011, Post-Dispatch denied the grievance.

33. On April 25, 2011, the Mailers Union filed an amended grievance on April 25, 2011, to also include the Healthcare Retirement Account ("Grievance").

34. Post-Dispatch denied the Grievance and, on June 1, 2011, changes to retiree medical benefits were effected.

35. The Mailers Union continued to pursue its Grievance, and ultimately sought to arbitrate it.

36. Post-Dispatch refused to arbitrate the Grievance because the Grievance is not arbitrable under the expired CBA.

37. The Mailers Union filed a lawsuit in this District on September 28, 2011, Case No. 4:11-cv-01692 (J. Autrey) ("Lawsuit"), seeking an order compelling Post-Dispatch to arbitrate the Grievance or, alternatively, a ruling that Post-Dispatch breached the CBA by charging Retirees the cost of retiree medical benefits on June 1, 2011.

38. The Mailers Union has alleged that it has received authorization from certain retirees to challenge and to represent their interests with respect to the Grievance and Complaint.

39. Post-Dispatch answered the complaint in the Lawsuit and brought a class-action counterclaim against Defendants to this Complaint under the DJA, 28 U.S.C. §§2201-2202, and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking declaratory relief and to enforce the terms of the CBA and Employee Benefits Plans ("Counterclaim"). In the

5

Counterclaim, Post-Dispatch specifically seeks declarations and judgments that: (1) Post-Dispatch and Lee have the right to charge Retirees the full cost of any retiree medical benefits without violating Section 301 of the LMRA, the CBA and Employee Benefits Plans, including the Current Plans, (2) Post-Dispatch and Lee have the right to eliminate retiree medical benefits coverage for Retirees when they become eligible for Medicare without violating Section 301 of the LMRA, the CBA and Employee Benefits Plans, (3) the retiree medical benefits offered to Retirees are not vested, and (4) Post-Dispatch and Lee have the right to otherwise modify or eliminate retiree medical benefits for Retirees without violating Section 301 of the LMRA, the CBA and Employee Benefits Plans.

## CLASS ACTION ALLEGATIONS

40.     Lee brings its claim pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure.

41.     Lee brings its claim against the following class ("Class"): the Mailers Union and all persons who (1) are or were eligible for participation in the Employee Benefit Plans, that provided for retiree medical benefits and (2) who worked at the Post-Dispatch and were represented for the purposes of collective bargaining by the Mailers Union at the time of their retirement from Post-Dispatch and (3) who retired from Post-Dispatch between August 11, 2004, and January 13, 2011, and (4) who are living and thus affected by the modifications to retiree medical benefits ("Retiree Class"). Defendants Gordon and Wiesen are members of the Retiree Class.

42.     The Class is comprised of 22 Retirees in addition to the Mailers Union. Accordingly, the numerosity of the Class makes joinder impracticable.

43.     Common questions of law and fact predominate in this case. Specifically, the common questions include whether there was a right, under the CBA and Employee Benefit

Plans, including the Current Plans, to modify and terminate the retiree medical benefits and to require Retirees to pay for those benefits.

44. The Mailers Union's, Gordon's and Wiesen's defenses are typical of those of the members of the Class in that each of these Class representatives will argue that there was no right to modify and terminate retiree medical benefits or to require retirees to pay for those benefits under the CBA and Employee Benefit Plans, including the Current Plans.

45. The Mailers Union, Gordon and Wiesen will fairly and adequately protect the interests of the proposed Class because their defenses are the same as those for the members of the Class and because the Mailers Union has legal counsel who has experience and expertise in litigating cases involving modification to retiree medical benefits.

46. A class action is appropriate to resolve this controversy due to the risk of inconsistent or varying adjudications if cases proceed individually.

47. A class action is appropriate because the interests of Class members who are currently non-parties would be impeded by a decision in their absence.

48. Modifications were made to the Retiree Class's retiree medical benefits on grounds equally applicable to all members of the Class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

49. Retirees were required to pay for retiree medical benefits on grounds equally applicable to all members of the Class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

50. Common questions of law and fact predominate over any questions affecting only individual members of the Class such that a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

## CAUSE OF ACTION

**(Declaratory Judgment Requested Under DJA and Section 502 of ERISA)**

51. Lee repeats and realleges the allegations set forth in paragraph 1 through 51 above as if fully set forth herein.

52. A controversy exists between Post-Dispatch and the Mailers Union, Gordon and Wiesen (and the Class they represent) regarding their respective rights and duties under ERISA, the CBA and Employee Benefits Plans.

53. The Mailers Union filed its original grievance on March 28, 2011, claiming there was no right to charge Retirees the full cost of retiree medical benefits or to eliminate coverage for Medicare-eligible Retirees.

54. The Mailers Union filed its amended grievance on April 25, 2011, to also include the Health Retirement Accounts.

55. After the Post-Dispatch refused to arbitrate this Grievance because it is not arbitrable, the Mailers Union filed the Complaint in this lawsuit seeking this Court to order Post-Dispatch to arbitrate the Grievance.

56. The retiree medical benefits did not vest, and therefore there was no violation of ERISA and the terms of the CBA and the Employee Benefits Plans, including the Current Plans, when those benefits and the terms of receiving those benefits were modified on June 1, 2011.

57. In light of the right to make the changes to the retiree medical benefits and the terms of receiving those benefits, coupled with the Grievance and Complaint asserting there was no such right, Lee requires a declaration pertaining to the retiree medical benefits.

58. Lee seeks a judicial determination of the right under ERISA to charge Retirees the full cost of retiree medical benefits, to eliminate retiree medical benefits for Retirees who are

eligible for Medicare, and to otherwise modify or terminate retiree medical benefits without violating ERISA and the terms of the CBA and Employee Benefits Plans.

59. A judicial declaration is necessary and appropriate at this time under all of the circumstances so that its rights under ERISA and the CBA and Employee Benefits Plans may be enforced. Such a declaration will serve a useful purpose in clarifying and settling the legal relations and disputes at issue in the Grievance, Lawsuit, and this Complaint and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to these proceedings.

## PRAYER FOR RELIEF

WHEREFORE, Lee requests judgment as follows:

60. A declaration of this Court certifying a Class, as defined above, pursuant to Rule 23(b)(1), (2), or (3) of the Federal Rules of Civil Procedure;

61. A declaration and judgment of this Court that (1) Lee and Post-Dispatch have the right to charge Retirees the full cost of any retiree medical benefits without violating ERISA, the CBA and Employee Benefits Plans, (2) Lee and Post-Dispatch have the right to eliminate retiree medical benefits coverage for Retirees when they become eligible for Medicare without violating ERISA, the CBA and Employee Benefits Plans, including the Current Plans, (3) the retiree medical benefits offered to Retirees are not vested, and (4) Lee and Post-Dispatch have the right to otherwise modify or eliminate retiree medical benefits for Retirees without violating ERISA, the CBA and Employee Benefits Plans, including the Current Plans;

62. Lee's reasonable attorneys' fees and costs and expenses incurred in connection with this action; and

63. Other and further relief as this Court deems proper.

**Dated:  December 5, 2011**                Respectfully submitted,

                                              LEE ENTERPRISES, INC.

                                              By:    /s/Terry L. Potter
                                                          One of Its Attorneys

*Lead Counsel*
Kristin Michaels (*pro hac vice* motion to be filed)
kmichaels@seyfarth.com
Ronald Kramer (*pro hac vice* motion to be filed)
rkramer@seyfarth.com
Ashley C. Workman (*pro hac vice* motion to be filed)
aworkman@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603-5577
(312) 460-5000
(312) 460-7000 (fax)

*Local Counsel*
Terry L. Potter
terry.potter@huschblackwell.com
BLACKWELL SANDERS LLP
720 Olive Street, 24th Floor
St. Louis, MO  63101
Telephone:  (314) 345-6000
Facsimile:  (314) 345-6060

13917850v.3